IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA ANTONIE FISK, | ) | |
| ID # 33554-177, | ) | |
|     Movant, | ) | No. 3:08-CV-1113-G (BH) |
| vs. | ) | No. 3:05-CR-0185-G (01) |
| | ) | ECF |
| UNITED STATES OF AMERICA, | ) | Referred to U.S. Magistrate Judge |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

### A. Nature of the Case

Movant, an inmate currently incarcerated in the federal prison system, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 to challenge her federal conviction and sentence in Cause No. 3:05-CR-0185-G. The respondent is the United States of America (government).

### B. Procedural History

On October 4, 2005, movant was charged by superseding indictment with three counts of mail fraud in violation of 18 U.S.C. § 1341; each count alleged the use of mail to execute or attempt to execute a scheme and artifice to defraud an insurance company relative to claimed losses from burglaries. (*See* Superseding Indictment, doc. 35.)[1] At her rearraignment on November 8, 2005,

---

[1] Unless stated otherwise, all document numbers refer to the docket number assigned in the underlying criminal action.

movant pled guilty to the charges without a plea agreement. (*See* Tr. Rearraignment at 11-12.) After placing movant under oath, the Court inquired about the voluntariness of the plea and the factual basis for it. (*Id.* at 1-12.) That same date, movant signed a factual resume in which she admitted facts sufficient to support the convictions. *(See generally* Factual Resume, doc. 71.)

On December 22, 2005, a Probation Officer submitted a Presentence Report (PSR) that calculated a sentencing range of thirty-seven to forty-six months imprisonment on each count based in part on (1) a cross-reference to USSG § 2K1.4 because arson was a part of the common scheme or plan to commit insurance fraud, and (2) a two-level decrease in offense level for acceptance of responsibility. The PSR also noted factors that could warrant an upward departure from the calculated sentencing range. On February 28, 2006, the Probation Officer submitted an addendum to the PSR, which addressed movant's objections but did not alter the calculated range or remove the factors that could warrant an upward departure. On May 17, 2006, the Probation Officer submitted a second addendum to the PSR (1) to reflect the revocation of movant's bond on April 14, 2006, for failing to terminate or withdraw from criminal conduct and (2) to eliminate the two-level reduction for acceptance of responsibility.

On May 23, 2006, the Court conducted a sentencing hearing. (Tr. Sentencing at 1.) The next day, the Court entered judgment on movant's guilty plea and sentenced her to forty-six months of imprisonment on each count to run concurrently. (*See* Judgment, doc. 98). Without altering the sentence, the Court thereafter entered an amended judgment to correct a clerical mistake pursuant to Fed. R. Crim. P. 36 and to add a recommendation to the Bureau of Prisons. (*See* Am. Judgment, doc. 104.) On May 29, 2007, the Fifth Circuit Court of Appeals affirmed the convictions. *United States v. Fisk*, 233 Fed. App'x 371, 374 (5th Cir. 2007) (per curiam).

On July 1, 2008, the Court received a *pro se* motion to vacate pursuant to 28 U.S.C. § 2255. (*See* Mot. Vacate at 1.) Movant claims that her plea was involuntary and asserts several grounds of prosecutorial misconduct and ineffective assistance of counsel. (*See id.* at 7A-7D.) In a supplement to her motion, she claims that she is actually innocent. (*See* Supp. with Ground 4 [hereinafter Supp.].) The government contends that movant's plea was voluntary, the prosecutorial misconduct claims are procedurally barred, and the claims of ineffective assistance and actual innocence have no merit. (Resp. Opp'n Mot. § 2255 [hereafter Resp.].)

Because resolution of some claims may impact resolution of other claims, the Court considers the claims in an order different than presented to it.

## II.  ACTUAL INNOCENCE

In her supplement to her motion, movant alleges that she is actually innocent. (Supp. at 1-6.) She essentially submits that (1) she was not charged in state court for arson or insurance fraud, (2) insurance companies are not protected by the federal mail fraud statute, (3) the government failed to present proof that all of her insurance claims were fraudulent, (4) Count 3 is invalid because it charges the same claim as the Count 2, and (5) statements in her PSR are false. (*Id.*)

To prove actual innocence, the [movant] 'must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted h[er].'" *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999). Movant must show, "as a factual matter, that [s]he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). Movant has not made this showing. She has not demonstrated that it is more likely than not that no reasonable juror would have convicted her in light of the evidence that could have been presented against her. Based upon the facts set forth in

the factual resume, which movant swore were true and accurate, a reasonable juror would have convicted her for mail fraud. In addition, her belated claim of innocence is belied by statements she made at sentencing.[2] She has not overcome the presumption of verity of the statements made at sentencing. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (recognizing that "solemn declarations" made in open court carry a "strong presumption of verity").

Movant's rationales for her claimed actual innocence are insufficient to sustain the claim. That she was not charged in state court for insurance fraud does not show her to be actually innocent of the federal fraud charges lodged against her. Likewise, allegations of actual innocence with respect to sentencing enhancements does not show her to be actually innocent of the fraud charged. Contrary to movant's views, the federal mail fraud statute, 18 U.S.C. § 1341, encompasses insurance fraud when the scheme to defraud involves use of the mails for executing the scheme. *See United States v. Ingles*, 445 F.3d 830, 835 (5th Cir. 2006). Additionally, because each separate use of the mails is a separate offense, *see id.*, the second and third counts against movant charge separate offenses. Lastly, based upon movant's factual resume, the government presented adequate evidence to sustain her convictions.[3]

Movant's claim of actual innocence entitles her to no relief in this § 2255 action.

---

[2] Through a written statement read by her attorney, movant stated at sentencing: "Your Honor, I am truly sorry for falsifying and making up receipts in order to fraudulently collect insurance money. I do understand and admit that I willfully and knowingly broke the law and committed criminal acts by doing so. I am guilty of mail fraud as charged in my indictment by the prosecution." (Tr. Sentencing at 51.)

[3] To the extent movant claims insufficiency of the evidence to support the enhancements, the claim fails because the government presented sufficient evidence to support each enhancement. The Fifth Circuit specifically found sufficient evidence to support the application of an arson cross-reference in calculating movant's sentence and upheld the Court's determinations that movant had the burden to prove that some portion of claims proved fraudulent were excludable from loss figure. *See United States v. Fisk*, 233 Fed. App'x 371, 372-74 (5th Cir. 2007) (per curiam). Additionally, although movant alleges that some statements in the PSR are false, she presents no valid reason to disregard any specific statement in the PSR.

## III. VOLUNTARINESS OF GUILTY PLEA

Movant also claims that she involuntarily pled guilty. (*See* Mot. Vacate at 7A; Mem. Supp. at 2-4.) A plea of guilty waives a number of constitutional rights. *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). Consequently, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *Ruiz*, 536 U.S. at 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *accord Bousley v. United States*, 523 U.S. 614, 618 (1998) (a plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent'") (quoting *Brady*, 397 U.S. at 748).

Nevertheless, a plea induced by threats, improper promises, deception, or misrepresentation is not voluntary. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against [her], the first and most universally recognized requirement of due process." *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against [her], and not necessarily whether [s]he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

"*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 368 n.22 (5th Cir. 2000). Rule 11 of the Federal Rules of Criminal Procedure provides procedural safeguards for assuring that guilty pleas are entered volun-

tarily and knowingly. It requires "a judge to address a defendant about to enter a plea of guilty, to ensure that [s]he understands the law of [her] crime in relation to the facts of his case, as well as [her] rights as a criminal defendant."[4] *United States v. Vonn*, 535 U.S. 55, 62 (2002). "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them." *Id.* at 78 (Stevens, J., concurring). A determination of whether a defendant understands the consequences of her guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The Court must only ascertain whether the defendant has a realistic or reasonable understanding of his or her plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993) (recognizing that one of the core concerns behind Rule 11 is "a realistic understanding of the consequences of a guilty plea"). Compliance with the admonishments required under Fed. R. Crim. P. 11 provides "prophylactic protection for the constitutional rights involved in the entry of a guilty plea." *Id.* at 627.

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fischer v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749). Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows the "the immediate and

---

[4] Rule 11 has undergone various changes over the years. Fed. R. Civ. P. 11 (West 2007) (showing various amendments including amendments in 1999 and 2002); *United States v. Ruiz*, 536 U.S. 622, 631 (2002) (referring to Rule 11 as the "guilty-plea safeguards"); *United States v. Vonn*, 535 U.S. 55, 62 (2002) (recognizing the evolution of the rule over the past three decades).

6

automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 417 (5th Cir. 2002). "If a defendant understands the charges against h[er], understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

In addition, prisoners who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Prisoners must also overcome the presumption of regularity and "great weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

In this case, movant specifically claims that she involuntarily pled guilty because (1) her co-counsel Frank Hernandez (Hernandez)[5] coerced her to plead guilty by convincing her that the District Judge was biased against him and would transfer that bias to her at sentencing; (2) she was mentally incompetent to plead guilty; and (3) she was not informed of potential sentencing enhancements, and thus was not fully aware of the charges against her. (*See* Mot. Vacate at 7A; Mem. Supp. at 2-4.)

---

[5] Although movant identifies Hernandez as co-counsel, nothing of record indicates that he ever entered an appearance on her behalf in the federal criminal proceedings against her.

## A. Coercion

Movant contends that she was coerced to plead guilty based upon an alleged bias by the District Judge against Hernandez.

Movant's assertion of coercion is clearly belied by the record. At rearraignment, the Court placed movant under oath and informed her of perjury consequences for falsely answering the Court's questions. (*See* Tr. Rearraignment at 2-3.) Movant stated that she spoke and understood English, and defense counsel confirmed that he had had no difficulty communicating with movant in English. (*Id.* at 3.) Movant further stated that she understood (1) what was happening at rearraignment; (2) the accusations to which she was pleading guilty; (3) the maximum terms of imprisonment (twenty years for each count) and maximum fine; (4) that the Court could impose a sentence above or below the appropriate guideline range; and (5) that the guidelines were effectively advisory rather than mandatory in light of *United States v. Booker*, 543 U.S. 220 (2005). (*Id.* at 5-11.) She confirmed that no one had attempted to force her to plead guilty or made any promise to induce her to plead guilty. (*Id.* at 11.) She also stated that she read and fully understood the factual resume, and that the stipulated facts are true and correct. (*Id.* at 11-12.)

"Ordinarily a defendant will not be heard to refute h[er] testimony given under oath when pleading guilty." *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985) (quoting *United States v. Sanderson*, 595 F.2d 1021, 1021 (5th Cir. 1979) (per curiam)). Such refutations may be heard on collateral review, however, when the movant "offers specific factual allegations supported by the affidavit of a reliable third person". *Id.* In other words, when a § 2255 movant makes allegations which conflict with her sworn testimony at her plea hearing, she must provide an "independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from

reliable third parties." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). A movant's own affidavit does not suffice. *United States v. Mackay*, Nos. 3:04-CV-0413-D, 3:97-CR-0208-T(01), 2007 WL 700895, at *26 (N.D. Tex. Mar. 6, 2007) (accepting recommendation of Mag. J.)

In this case, movant relies on her verified motion to vacate and memorandum in support and three letters from Hernandez dated November 4, 2005; March 10, 2006; and April 13, 2006. She provides no affidavit from her defense attorney of record, Hernandez, or any reliable third person, or any other independent indicia of coercion. Because movant received two of the letters after she pled guilty on November 8, 2005, they certainly had no coercive effect on her decision to plead guilty, and the third letter likewise lacks the coercive element necessary to render movant's plea involuntary.[6] Despite his stated reluctance to testify, Hernandez ultimately testified at sentencing on movant's behalf. (*See* Tr. Sentencing at 5-25.) This indicates that movant did not view his testimony as potentially prejudicial to her.[7]

---

[6] In the November letter, Hernandez informed movant:
> Gary Udashen [(movant's defense attorney)] called me a couple of days ago, and we discussed your pleading guilty or not.
>   Unfortunately, I had to tell Gary what I have told you on numerous occasions. I cannot and will not be a witness for you in Judge Fish's court and I told him why. The fact that my testimony is of value to your case holds true only with a judge who is without bias and prejudice. However, Judge Fish's ill will against me is substantial and you will not get a fair trial with me as a witness in his court. I am certain that he will convey his ill feelings toward me to your punishment. Gary and I have discussed this and he agrees with me.
>                                . . .
>   I am sorry to tell you that your circumstances is one of the unfortunate things that happen in life. Forsure [sic] Barbara, a guilty plea is your best chance for justice and really your only option. You must do so before they give you more indictments and while you can still get a downward departure. Gary has advised you so and I agree with him; have trust, we only want what's best for you.

(Letter from Hernandez to Fisk of 11/4/2005, attached as Ex. A to Mot. Supp. filed June 30, 2008.)

[7] Although the letters from Hernandez indicate that the District Judge is biased against him, neither the letters nor movant provide any explanation for the allegation of bias. The records of the Court show that Judge Fish suspended Hernandez from "practice before this court" for failures to comply with orders of the court and failing to appear at a hearing to show cause. *See Caves v. Lockridge*, No. 3:97-CV-0118-G (N.D. Tex. Oct. 7, 1997) (citing LR 83.8(b)(2) and (4) which permit the presiding judge to take appropriate disciplinary action for "failure to comply with any rule or order of this court" and "inability to conduct litigation properly"). Hernandez was properly disciplined under the local rules

9

Because movant has not overcome the presumption of verity accorded her in-court declarations, the Court finds that she was not coerced to plead guilty. The alleged coercion provides no basis to find her plea involuntary.

**B. <u>Competency</u>**

Movant contends that she was incompetent to plead guilty due to a schizoaffective disorder, depressive type.

A criminal defendant must be mentally competent to plead guilty. *Godinez v. Moran*, 509 U.S. 389, 396 (1993). A defendant is competent to stand trial when he or she has "sufficient present ability to consult with his [or her] lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the proceedings." *Dusky v. United States*, 362 U.S. 402, 402 (1960) ( per curiam ). The same standard applies when determining whether a defendant is competent to plead guilty. *Godinez*, 509 U.S. at 396-98. "The focus of a competency inquiry is the defendant's mental capacity; the question is whether he [or she] has the ability to understand the proceedings."[8] *Id.* at 401 n.12. Furthermore, "[a]s in any criminal case, a competency determination is necessary only when a court has reason to doubt the defendant's competence." *Id.* at 402 n.13.

---

of this Court for his failures in the *Caves* case. This does not exhibit a personal bias by Judge Fish towards Hernandez; nor do the Court's actions in this case reflect bias toward Hernandez or movant. The Court sustained movant's objection and restored a two-point reduction for acceptance of responsibility and also declined to upwardly depart from the calculated guideline range despite reliable evidence that movant earned her livelihood the prior twenty-five years through various forms of fraud and a criminal history calculation that substantially under-represents the seriousness of her criminal history. (*See* Tr. Sentencing at 35, 72.)

[8] "The purpose of the 'knowing and voluntary' inquiry, by contrast, is to determine whether the defendant actually does understand the significance and consequences of a particular decision and whether the decision is uncoerced." *Godinez*, 509 U.S. at 401 n.12. While recognizing this difference, the Court considers the competency issue in the context of voluntariness because movant specifically alleges that her plea was involuntary due to her incompetence.

In this case, movant testified at rearraignment regarding treatment she had received for mental illness and the medications that she was then taking. (*See* Tr. Rearraignment at 3-5.) Despite her medications, she stated that she understood what was happening at rearraignment. (*Id.* at 5-6.) Defense counsel had no doubts about her competency to plead guilty. (*Id.* at 6.) Based upon the representations from movant and her attorney, the Court found movant competent to enter her plea. (*Id.*) At sentencing, movant's mental stresses and a report of a clinical psychologist, Dr. Rick L. Marshal were discussed. (*See, e.g.*, Tr. Sentencing at 37, 40-43, 45.) Defense counsel stated that he had "discussed extensively with Dr. Marshal whether there was any competency question or any question of insanity, and there was nothing like that. It's just the difficulty of her making correct decisions because of the psychological status that she has." (*Id.* at 43.)

The record reveals no reason to doubt movant's competency to plead guilty. When she pled guilty, she had a sufficient ability to consult with her attorney with a reasonable degree of rational understanding and had a rational as well as factual understanding of the proceedings against her. Not only did her attorney believe she was mentally competent to plead guilty, but the Court found her competent. This ground provides no basis for finding her plea involuntary.

## C. Awareness of Enhancements

Movant lastly claims that her plea was involuntary because she was not fully aware of the potential sentencing enhancements. A criminal defendant, however, must only be made aware of the immediate and automatic consequences of his or her plea. *Duke v. Cockrell*, 292 F.3d 414, 417 (5th Cir. 2002). Unlike the maximum sentence length or fine, which are direct consequences of a plea, a potential sentencing enhancement is merely a collateral consequence of the plea. Because it is not required that defendants be informed of the collateral consequences of their guilty pleas, *see*

11

*United States v. Edwards*, 911 F.2d 1031, 1035 (5th Cir. 1990), and because movant was fully informed of the maximum sentence and fine, movant's plea was not involuntary even if the Court accepts her contention that she was not informed about potential sentencing enhancements.

For the foregoing reasons, the Court should find that movant voluntarily pled guilty to the charges against her.[9]

## IV.  PROSECUTORIAL MISCONDUCT

Movant claims that the prosecutor engaged in misconduct by withholding exculpatory evidence (a letter taken from movant during a search of her home and two recorded conversations related to the arson enhancement), failing to notify and deliver a letter from Carey Taylor to the defense, and failing to timely provide the second addendum to the PSR.  (Mot. at 7A-B; Mem. Supp. at 5-6.)  The government asserts that these claims are procedurally barred because movant did not raise them to the trial court or on appeal.  (Resp. at 7.)

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).  Defendants may only collaterally attack

---

[9] In her supporting memorandum, movant also states that the prosecutor pressured her into pleading guilty by telling her attorney that additional charges could be brought if she did not plea in a timely manner.  (Mem. Supp. at 4.) "Threats regarding additional charges or enhanced penalties are accepted practices in plea negotiations and are not considered the kinds of threats which undermine the voluntariness of a guilty plea." *United States v. Felice*, 272 Fed. App'x 393, 396 (5th Cir. 2008) (per curiam) (citing *Frank v. Blackburn*, 646 F.2d 873, 878-79 (5th Cir. 1980) (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981)).

their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the asserted error. *Id.* at 232. Even then, any new assertion of error is limited to "issues of constitutional or jurisdictional magnitude." *Id.* The cause and prejudice test applies even to allegations of fundamental constitutional error. *Id.* The only exception to the application of the test is when a movant can establish a fundamental miscarriage of justice, *i.e.*, that he or she is actually innocent of the crime convicted. *Id.*

Because movant pursued no appeal of the prosecutorial misconduct claims raised in the instant motion to vacate, she must show cause for the omission and actual prejudice from the alleged errors unless she can establish that she is actually innocent of the crime for which she was convicted. As discussed in a prior section, movant has not established that she is actually innocent. Nor has she shown cause for the failure to present these claims on appeal or resulting prejudice from such failure.

Movant has not shown how she was prejudiced by the alleged failure to send the Taylor letter to her. Notably, it was sent directly to the Court. (*See* Tr. Sentencing at 38, 69-70.) With respect to the two recorded conversations, movant has not shown how the recordings would have made any difference to her sentencing because the Court was well aware that she denied setting any fires (*see, e.g.*, Tr. Sentencing at 54, 65 (movant's testimony at sentencing)) – the same denials apparently made during the recorded conversations (*see* Mem. Supp. at 5). As for the alleged untimely notice regarding the second addendum, there is no prosecutorial misconduct because it was the probation officer who provided the addendum to the Court and parties, not the prosecutor. Moreover, the second addendum simply eliminated a two-point reduction in offense level for acceptance of responsibility – a reduction that the Court restored based upon movant's objections to the

13

addendum. (*See* Tr. Sentencing at 35.) Thus, movant was ultimately not prejudiced.

For all of these reasons, the claims of prosecutorial misconduct are procedurally barred from review in this collateral proceeding.

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

In his last claim, movant asserts several grounds of ineffective assistance of counsel at sentencing. (*See* Mot. at 7B-D (listing grounds A through U); Mem. Supp. at 6-11 (providing detail for grounds).)

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for h[er] defense." U.S. Const. art. VI. To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong requires a finding that counsel's performance was constitutionally effective. *See id.* at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

To determine whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did

flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96. One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations, furthermore, are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

In this instance, movant asserts that her attorney rendered ineffective assistance at sentencing on several bases. Movant has shown no prejudice from any alleged deficiency of counsel. She has demonstrated no reasonable probability that her sentence would have been less harsh in the absence of the alleged deficiencies. At sentencing, the Court recognized that *United States v. Booker*, 543 U.S. 220 (2005) had made the guidelines advisory, and applied a sentencing procedure in accordance with *Booker*. (Tr. Sentencing at 71-73.) Although the Court decided not to upwardly depart from the calculated sentencing range despite the presence of reliable information that movant earned her livelihood for twenty-five years through fraudulent insurance claims and her criminal history probably under-represented the seriousness of her criminal history, the Court found a sentence at the upper end of the guideline range appropriate. (*Id.* at 72-73.) Under these facts, the Court finds no reasonable probability that movant would have received a less harsh sentence but for the alleged deficiencies of counsel.

For these reasons, the alleged ineffective assistance at sentencing entitles movant to no relief

15

in this § 2255 action.

## VI. EVIDENTIARY HEARING

Section 2255 of Title 28 of the United States Code controls whether an evidentiary hearing is required in this case. The statute provides that no evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b). A defendant bringing a claim under § 2255 that conflicts with her sworn testimony must provide "specific factual allegations" regarding the alleged violation of her constitutional rights, and these allegations must be corroborated before a hearing will be required. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Furthermore, when the movant's "showing is inconsistent with the bulk of her conduct or otherwise fails to meet her burden of proof in light of other evidence in the record," the Court may dispense with her allegations without an evidentiary hearing. *Id.* Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. Because movant has provided no independent support for her various claims, she is not entitled to a hearing. The matters reviewed by the Court conclusively show that movant is entitled to no relief.

## VII. RECOMMENDATION

For the foregoing reasons, the Court should **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 with prejudice.

**SIGNED this 14th day of January, 2009.**

*[signature: Irma Carrillo Ramirez]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE